IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-237 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| DEBORAH BAYHA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is recommended that the Plaintiff's Complaint be
dismissed because of his failure to prosecute this action.

#### II. REPORT

This action was commenced by the Plaintiff, Andre Jacobs
("the Plaintiff" or "Jacobs") against eight named Defendants on
February 23, 2007. Upon filing this action, Jacobs provided only
a single copy of his Complaint. (Doc. 1). The Complaint was
filed on April 4, 2007, after Jacobs was granted permission to
proceed *in forma pauperis*, and after he provided an authorization
to withdraw funds from his prison account. (Doc. 7). On April 10,
2007, Jacobs was ordered to provide proper instructions in the
form of U.S. Marshal form 285 for service upon each Defendant,
along with a completed notice and waiver of summons as well as
copies of the Complaint for each Defendant on or before May 1,

2007. (Doc. 10).  The Plaintiff filed a "Notice" on April 18, 2007, asserting that he had filed "all necessary forms" with the Court. (Doc. 11).  The Court informed the Plaintiff that he was in error, and directed him, again, to provide instructions for service and service copies of the Complaint on or before May 1, 2007. (Doc. 12). Jacobs appealed this order to Judge Conti, claiming that he sent service copies and all other relevant materials on February 7, 2007. (Doc. 13).  Judge Conti denied the appeal on May 18, 2007, and again directed Jacobs to provide instructions for service and copies of the Complaint for each Defendant by June 11, 2007. (Doc. 18).

On June 19, 2007, a Rule was issued on Jacobs directing him to show cause why this action should not be dismissed for failure to prosecute. (Doc. 19).  Jacobs responded on June 25, 2007, asserting, once again, that he had already provided instructions for service as well as copies of the Complaint for each Defendant. (Doc. 20).  This time, however, Jacobs stated that he sent the service copies on February 7, 2007, but that the materials were returned to him, and that he mailed them again on February 18, 2007. (Doc. 20).  The docket sheet reflects only that a single copy of the Complaint was received on February 23, 2007. (Doc. 1).

In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors are as follows:

(1)    The extent of the parties personal responsibility;

(2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)    A history of dilatoriness;

(4)    Whether the conduct of the party or the attorney was willful or in bad faith;

(5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)    The meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors set out in Poulis requires that this action be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's prior orders, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against Jacobs. With respect to factor number one, it is clear that the Plaintiff's failure to comply with this court's orders was his personal responsibility. With respect to factor four, this court finds that Jacobs wilfully ignored prior orders entered by this court.  Jacobs argues that his funds are insufficient to afford copying, and that he has already sent service copies of the Complaint and instructions for service for the eight named Defendants.  To the contrary, the records in this case are clear; the Court has not received

neither proper instructions for service nor service copies of the
Complaint.

It was Jacobs' choice to commence this action against eight
Defendants, and it is his responsibility to provide service
instructions and copies of the Complaint for each Defendant. His
refusal to comply with the relevant rules appears willful.

Relative to factor number two, the court must consider the
prejudice caused to the adversary because of Jacob's failure to
comply with the prior court orders. With respect to this factor,
there appears to be no specific prejudice to the Defendants -
other than general delay. Therefore, this factor will not be
weighed against Jacobs. Similarly, factor number six, the
meritoriousness of the claim, will be weighed neither in favor of
nor against the Plaintiff.

Turning to factor number three, there is now a protracted
history of dilatoriness. Jacobs has repeatedly failed to take the
actions necessary to move this action forward. This factor weighs
in favor of dismissal.

The final factor to consider here is the effectiveness of
sanctions other than dismissal. Since the Plaintiff filed this
action *in forma pauperis* it is useless to impose the sanction of
attorney fees. Also, because Jacobs has failed to comply with
prior orders entered by this court, it appears that he has no
interest in moving this case along expeditiously. The only
appropriate action here is dismissal.

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)
(1) (B) and (C), and Rule 72.1.4 (B) of the Local Rules for
Magistrates, objections to this Report and Recommendation are due
by July 27, 2007.


July 11 , 2007                      s/Francis X. Caiazza
                                    Francis X. Caiazza
                                    U.S. Magistrate Judge


cc:  ANDRE JACOBS
     DQ5437
     SCI Fayette
     PO Box 9999
     LaBelle, PA 15450