```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ANDRE JACOBS,              )
                           )
          Plaintiff,       )   Civil Action No. 07-237
                           )
     v.                    )   Judge Joy Flowers Conti
                           )   Magistrate Judge Caiazza
DEBORAH BAYHA, et al.,     )
                           )
          Defendants.      )
```

**MEMORANDUM ORDER**

The civil rights suit of Andre Jacobs (the "Plaintiff" or "Jacobs") was commenced with the receipt of a complaint, and one copy thereof, by the Clerk on February 23, 2007. (Doc. 1). The matter was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The complaint in this matter was filed on April 4, 2007, after Jacobs was granted permission to proceed *in forma pauperis*, and after he provided an authorization to withdraw funds from his prison account. (Doc. 7). On April 10, 2007, Jacobs was ordered to provide proper instructions in the form of U.S. Marshal form 285 for service upon each defendant, along with a completed notice and waiver of summons as well as copies of the complaint for each defendant on or before May 1, 2007. (Doc. 10). The Plaintiff filed a "Notice" on April 18, 2007, asserting that he

had filed "all necessary forms" with the Court. (Doc. 11). The Court informed the Plaintiff that he was in error, and directed him, again, to provide instructions for service and service copies of the Complaint on or before May 1, 2007. (Doc. 12). Jacobs appealed this order to the district court, claiming that he sent service copies and all other relevant materials on February 7, 2007. (Doc. 13). Provided with his appeal were instructions for service as well as notice and waiver forms for each named defendant, but no service copies of the complaint were provided. This court denied the appeal on May 18, 2007, and affirmed the orders of the magistrate judge except that the time to comply with the orders was extended until June 11, 2007.

On June 19, 2007, a rule was issued on Jacobs directing him to show cause why this action should not be dismissed for failure to prosecute. (Doc. 19). Jacobs responded on June 25, 2007, asserting, once again, that he had already provided instructions for service as well as copies of the complaint for each defendant. (Doc. 20). This time, however, Jacobs stated that he sent the service copies on February 7, 2007, but that the materials were returned to him, and that he mailed them again on February 18, 2007. (Doc. 20). The docket sheet reflects only that the original and a single copy of the complaint were received on February 23, 2007. (Doc. 1).

The Magistrate Judge's Report and Recommendation, filed on July 11, 2007 (Doc. 21), recommended that this action be

dismissed for failure to prosecute.  Jacobs filed a "Notice" on July 17, 2007, asserting that he intended to file service copies, but did not have sufficient copy privileges to do so at that time. (Doc. 22).  That same date, Jacobs filed objections asserting that he believed that he had already filed service copies, and that this Court's Order of May 18, 2007, required him only to supply instructions for service, which he did.  Jacobs again represented that he was willing to file additional service copies of the Complaint (Doc. 23).  To the contrary of the Plaintiff's assertions, the Order of May 18, 2007 expressly affirmed the orders of the Magistrate Judge which, among other things, required him to file service copies.  The only exception to those orders was the grant of an extension until June 11, 2007, to comply with the orders.

On July 27, 2007, Jacobs filed "De Novo Objections" to which he has attached as exhibits several slips indicating that he paid for mail on May 14, 2007 (Doc. 24, Ex. 2), February 7, 2007 (Ex. 3), February 18, 2007 (Ex. 4), and February 22, 2007 (Ex. 5). These exhibits do not advance the Plaintiff's objections, however, because, as noted above, the first pleading in this case was filed on February 23, 2007, and this Court is in possession of the time-stamped envelope, which reflects it was mailed on February 22, 2007 (Doc. 1).  This mailing contained an original and one copy of the complaint only.  Thus, the receipts for mailings dated earlier than February 22, 2007, are irrelevant

since the Court did not receive those, and the mailings the Court did receive on February 23 and May 16, 2007, did not contain the requisite number of copies of the complaint for service on all defendants.  Jacobs still has not provided sufficient copies for service on all named defendants.

The Plaintiff has been given repeated opportunities to provide the proper number of copies of the complaint for service on the named defendants.  His claim that he has repeatedly mailed sufficient copies to the Court is simply not credible.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, the following order is entered:

AND NOW, this 10th day of October, 2007,

IT IS HEREBY ORDERED that this case is DISMISSED FOR FAILURE TO PROSECUTE.

The Report and Recommendation of Magistrate Judge Caiazza, (Doc. 21), dated July 11, 2007, is adopted as the opinion of the court.

s/Joy Flowers Conti
Joy Flowers Conti
U.S. District Court Judge

cc:  ANDRE JACOBS
     DQ5437
     SC. Layette
     PO Box 9999
     Labelle, PA 15450