## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-237 |
| | ) | Judge Conti |
| DEBORAH BAYHA, *et al*., | ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion to Amend/Correct Complaint (Doc. 89) be denied as moot.

### II. REPORT

Several Defendants have been granted summary judgment with respect to Plaintiff's Eighth Amendment claim that he was subjected to excessive force on May 3, 2005, while he was being escorted to an elevator following a civil trial in federal court (Doc. 78). One of the arguments made by Defendants in their motion was that Plaintiff failed to explicitly raise a claim of "excessive force" (Doc. 59). The Court did not adopt the Defendants' position that Plaintiff failed to allege excessive force. Instead, the Court ruled: (1) the issue of excessive force had already been litigated, and Plaintiff was collaterally estopped from pursuing that claim here; (2) Plaintiff is barred from litigating his claim of excessive force by the rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994); and (3) summary judgment is appropriate on the excessive force claim because even Plaintiff's own version of events would not support "a reliable

inference of wantonness in the infliction of pain." <u>Thomas v. Ferguson</u>, 361 F.Supp.2d 435, 438

(D. N.J. 2004) (Doc. 76).

The Court interpreted Plaintiff's claim as one arising under the Eighth Amendment and

involving the alleged use of excessive force by Defendants.  Plaintiff's motion seeking to add the

term "excessive force" to his Complaint is, therefore, moot because the Court has already

interpreted his claim to include such an allegation.

## II. <u>CONCLUSION</u>

For the foregoing reasons it is respectfully recommended that Plaintiff's Motion to

Amend/Correct Complaint (Doc. 89) be denied as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule

72.D.2, objections to this report and recommendation are due on or before September 3, 2010.

Failure to timely file objections may constitute a waiver of any appellate rights.

Date:   August 20, 2010                          <u>s/Cathy Bissoon</u>
                                                 CATHY BISSOON
                                                 UNITED STATES MAGISTRATE JUDGE

cc:
ANDRE JACOBS
DQ5437
SCI Dallas
1000 Follies Road
Dallas, PA 18612