IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-237 |
| | ) | Judge Conti |
| DEBORAH BAYHA, *et al.*, | ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Judgment on the Pleadings filed by Defendants Cesarino-Martin, Costello and Toriano (the "DOC Defendants") (Doc. 74) be converted into a motion for summary judgment in some respects, and that it be granted in part and denied in part.

### II. REPORT

Plaintiff Andre Jacobs is a state prisoner incarcerated at the State Correctional Institution at Dallas, Pennsylvania. Jacobs filed this prisoner civil rights action pursuant to the provisions of 42 U.S.C. § 1983 against five Deputy United States Marshals and three prison guards employed by the Pennsylvania Department of Corrections ("DOC"). The claims asserted in this case arise from Defendants' interaction with Plaintiff while they were transporting him to and from a federal courtroom where Plaintiff was litigating a prisoner civil rights case. Plaintiff's Complaint is in five counts and contains allegations that: (1) Plaintiff's Eighth Amendment rights were violated on March 3, 2005, when Defendant Delano assaulted Plaintiff in the elevator by choking Plaintiff and "roughly banging" him against the wall, and later that same day at the conclusion of the civil trial when Defendants Costello, Delano, Potter and Bayha allegedly

assaulted Plaintiff and beat him until he passed out; (2) Defendants retaliated against Plaintiff and his witnesses by harassing and intimidating them; (3) Defendants conspired to cover up the assaults mentioned above; (4) Defendant conspired to intimidate Plaintiff's witnesses; and (5) the assaults on March 3, 2005 also give rise to state law tort claims for battery (Doc. 7).

Defendants Bayha, Delano, Potter, Moorhead and Holtz, all Deputy United States Marshals, were granted summary judgment with respect to all of Plaintiff's claims save his claim against Defendant Delano concerning the alleged "choking" incident (Doc. 78). The DOC Defendants now move for judgment on the pleadings. Plaintiff has responded to the motion (Doc. 88) and it is ripe for disposition.

**A. Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Failure to state a claim upon which relief may be granted, normally sought by way of a Rule 12(b)(6) motion, may be raised in a Rule 12(c) motion. Fed.R.Civ.P. 12(h)(2). In this situation, courts apply the same standard as used for a Rule 12(b)(6) motion. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

Plaintiff has already failed to survive summary judgment with respect to some of the claims he raised against the United States Marshal Defendants. Although Defendants Cesarino-Martin, Costello and Toriano seek judgment on the pleadings, it would be appropriate to convert their motion to one seeking summary judgment on issues already determined by the Court. "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); Canell v. Bradshaw, 97 F.3d 1458 (Table), 1996 WL 547978 at *5 (9th Cir. 1996) (unpublished) ("A district court may grant summary judgment to a non-moving party *sua sponte* so long as the other party has had an adequate opportunity to address the relevant issues."). Thus, where appropriate, the Court will convert the instant motion to one seeking summary judgment.

### B. Factual allegations

Andre Jacobs is a state prisoner who has been incarcerated by the Commonwealth of Pennsylvania since 1998. Jacobs filed a prisoner civil rights suit that was docketed at Civil Action No. 02-1703, alleging that his constitutional rights were violated during his incarceration. The case was tried before a jury from February 28 through March 3, 2005. Defendants are state corrections officers and Deputy United States Marshals who were tasked with transporting Jacobs and his witnesses (also state prisoners) to and from the State Correctional Institution at Fayette. Once in the courthouse, Defendants escorted Jacobs and his witnesses from the holding cell to the courtroom.

Jacobs alleges that he was "assaulted" twice during the course of his civil trial. On March 3, 2005, during a break, Defendant Delano allegedly grabbed Jacobs by the neck on the elevator and slammed him up against the wall (Doc. 7, ¶ 13). Plaintiff alleges that Defendant Toriano failed to intervene in this assault (Id.) and, in fact, patted Delano on the back after the incident (Id., ¶ 21).

Plaintiff also alleges that he was assaulted by Defendants Potter, Bayha and Delano (all United States Marshals) and moving Defendant Costello, a state prison guard, when Plaintiff was being escorted out of the courtroom at the conclusion of the trial on March 3, 2005 (Id., ¶ 16). He alleges that Defendants Cesarino-Martin and Toriano were present during the incident but failed to intervene in what Plaintiff describes in his Complaint as a gratuitous beating without provocation (Id., ¶¶ 22-23). Defendant Costello is also alleged to have threatened to kill Plaintiff if he complained concerning the incident (Id., ¶ 25).

Also relevant to this motion is Plaintiff's detailed affidavit presented in response to the United States Marshal Defendants' motion for summary judgment wherein he recounts his version of events at the conclusion of the trial (Doc. 68-1). Plaintiff states that he was handcuffed and walking in the hallway toward the elevator when he turned to speak to his grandmother (Id., ¶ 9). Defendant Potter allegedly grabbed Plaintiff's arm told him to keep moving. Plaintiff "pulled . . . away from Potter's grasp" which caused Potter to yank Plaintiff's arm, making Plaintiff drop the books he was carrying (Id.). Defendant Costello then allegedly "attacked" Plaintiff by punching him in the back of the head. Costello allegedly grasped Plaintiff from behind and Defendant Bayha "slapped" Plaintiff, and Plaintiff grabbed Bayha's arm (Id., ¶ 10). Someone screamed "get off her," and Plaintiff was slammed against the elevator wall (Id.). Defendants then allegedly "beat [Jacobs] to the ground" even though he was "not resisting" (Id.).

4

Jacobs, however, was charged with one count of "Assaulting, Resisting or Impeding a Federal Employee," 18 U.S.C. § 111(F)(a)(1) and (b) (Doc. 60-2, p. 1). Jacobs entered a plea of not guilty, and proceeded to a trial by jury before United States District Judge Gustave Diamond. Defendants testified that Jacobs, having just lost his civil case, became angry while being led into the elevator, and that he threw his books and papers at Deputy Marshal Potter, began striking Potter with his shackles, and then grabbed Deputy Marshal Bayha before being overpowered and brought to the floor of the elevator. Jacobs's defense at trial was that he was subjected to excessive force by Defendants on the way to the elevator, and that any actions he took were to defend himself from what he perceived to be an assault.

Judge Diamond instructed the jury concerning the elements of the offense as follows:

> In order to for you to find the defendant guilty of the crime charged . . . the government must prove beyond a reasonable doubt every one of the following five elements:
>
> First. That Robert Potter and Deborah Bayha were federal officers.
>
> Second. That defendant forcibly assaulted or resisted or opposed or impeded or interfered with Robert Potter or Deborah Bayha.
>
> Third. That at the time, Robert Potter and Deborah Bayha were engaged in the performance of their official duties.
>
> Fourth. That the defendant acted willfully.
>
> And, fifth. That the defendant's actions resulted in bodily injury.

(Doc. 71-1, p. 2). Judge Diamond went on to note that "all of the acts, assault, resist, oppose, impede and interfere are modified by the word forcibly" so that a conviction can only occur if Jacobs acted "forcibly" (Id., p. 3). Finally, the jury was instructed concerning Jacobs's defense that he had been subjected to the use of unreasonable or excessive force:

> Counsel for the defendant has argued that the Deputy United States acted with unreasonable or excessive force and that defendant's actions

5

> were in response to the unreasonable or excessive force and were justified
> in view of the unreasonable or excessive use of force.
>
> The use of unreasonable force is inconsistent with a United States
> Deputy Marshal's performance of his or her official duties. Thus, if you
> have a reasonable doubt that the force used was reasonable under the
> circumstances and was not excessive, you may find that the Deputy United
> States Marshals were not engaged in the performance of their official
> duties at the time of the defendant's acts and, therefore, that this element
> of the government's case has not been proven.
>
> If you have a reasonable doubt as to whether Robert Potter and
> Deborah Bayha were Deputy United States Marshals or were engaged in
> the performance of their official duties at the time of the alleged acts by
> defendant, you must find the defendant not guilty.

(Id., p. 4). Jacobs was found guilty and was sentenced to 210 months imprisonment (Doc. 60-2, p. 1).

The United States Marshal Defendants (Defendants Bayha, Delano, Potter, Morehead and Holtz) were granted summary judgment with respect to all claims raised except for Plaintiff's claim that Deputy Marshal Delano choked Plaintiff in the elevator on the morning of May 3, 2005 (Doc. 78).

### C. Analysis

#### 1. Excessive force claim – incident following the verdict

DOC Defendant Costello is alleged to have used force against Plaintiff during the incident following the verdict in Plaintiff's civil case, but neither Defendant Cesarino-Martin nor Defendant Toriano is alleged to have done so. Specifically, Costello is alleged to have acted in concert with the United States Marshal Defendants during this incident. Plaintiff described the incident in his Declaration as having been begun by Defendant Potter assaulting Plaintiff, and that Costello then joined in (Doc. 68-1, ¶ 9). Costello is said to have punched Plaintiff in the back of the head, and then held Plaintiff from behind while Delano and Bayha punched and

6

slapped him (Id., ¶¶ 9-10). Once on the elevator, however, Defendants Delano and Potter are alleged to have continued punching Plaintiff until he was rendered unconscious, and there are no further allegations concerning Defendant Costello (Id., ¶ 10). The Court has already ruled that the jury in Plaintiff's criminal trial expressly rejected the assertion that Potter initiated the altercation, and also specifically found that Defendants Potter and Bayha had not used excessive during the incident (Doc. 76, pp. 7-8). In fact, all of the United States Marshal Defendants have been granted summary judgment on this claim of excessive force for three independent reasons: (1) the issue of excessive force had already been litigated in Plaintiff's criminal trial, and Plaintiff is collaterally estopped from pursuing that claim in this action; (2) Plaintiff is barred from litigating his claim of excessive force by the rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994) because a finding that excessive force was used against Plaintiff would call into question the validity of Plaintiff's criminal conviction; and (3) summary judgment is appropriate on the excessive force claim because Plaintiff's own version of events would not support "a reliable inference of wantonness in the infliction of pain" as is required to make out an Eight Amendment claim (Doc. 76).

A non-moving party is entitled to the benefit of summary judgment rulings so long as the Plaintiff had a full and fair opportunity to contest the issue. Celotex, supra, 477 U.S. at 326. Plaintiff has certainly taken advantage of his opportunity to present facts in opposition to the United States Marshal's motion for summary judgment (Doc. 68). Indeed, he attached 9 exhibits to his response (Docs. 68-1 through 68-9). Plaintiff has given a full factual recitation of what he asserts occurred in the hallway and the elevator at the conclusion of his trial on March 3, 2005. Therefore, Defendant Costello's motion should be converted into one seeking summary

judgment and the motion should granted with respect to Plaintiff's excessive force claim for all of the reasons the United States Marshal Defendants were granted summary judgment.

Plaintiff argues, however, that the jury verdict in his criminal case had "nothing to do with" Defendant Costello because Plaintiff was not alleged to have assaulted Costello and, accordingly, the jury did not reach the issue of Costello's actions or inactions (Doc. 88, pp. 1-2). There are four elements necessary to the application of collateral estoppel: "(1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action." Jones v. U.S. Parcel Serv., 214 F.3d 402, 405-06 (3rd Cir. 2000). Collateral estoppel prevents a Section 1983 plaintiff from relitigating issues decided against him in prior criminal proceedings. Allen v. McCurry, 449 U.S. 90, 102 (1980) (collateral estoppel arising from state court criminal proceedings). Plaintiff's argument is addressed to the first element of collateral estoppel, in that he challenges whether the jury in the criminal case decided that Defendant Costello did not employ excessive force.

The Court has already determined that the jury in Plaintiff's criminal case was instructed to find that neither Potter nor Bayha employed excessive force during the incident before it could convict Plaintiff (Doc. 76, pp. 7-8). While Plaintiff is correct that the jury was not specifically asked to determine whether Costello employed excessive force, that determination is inseparable from a finding with respect to Potter's and Bayha's actions. The factual issue presented to the jury was whether Plaintiff provoked the altercation, assaulted federal officers, and thereby necessitated the force used, or whether Plaintiff was assaulted by Potter and the others, and

8

merely took action to defend himself. Plaintiff's version of events was necessarily rejected by the jury at his criminal trial. Indeed, a finding that Potter and Bayha did not employ excessive force when they are alleged to have punched, slapped and kicked Plaintiff throughout the incident, necessarily applies to Costello's action as well since Plaintiff's assertion is that Costello was assisting Potter and Bayha. There is no rational way to separate out Costello's use of force from Potter's and Bayha's and, accordingly, collateral estoppel bars Plaintiff's claim against Costello for the same reason it bars his claims against the United States Marshal Defendants.

The same analysis applies to the Heck bar. A finding that Costello used excessive force would necessarily be inconsistent with the criminal jury's finding that Potter and Bayha had not. Therefore, Costello is also entitled to summary judgment on this basis as well.

Finally, Plaintiff's argument that the jury in his criminal case did not address Costello's actions is not relevant to the Court's finding that Plaintiff has failed to present facts that would permit a jury to find that an Eighth Amendment violation occurred. A defendant is entitled to summary judgment with respect to an excessive force claim where the evidence, viewed in the light most favorable to the Plaintiff, does not support "a reliable inference of wantonness in the infliction of pain." Thomas v. Ferguson, 361 F.Supp.2d 435, 438 (D. N.J. 2004). As the Court previously held in this case:

> The jury's verdict in Jacobs's criminal case conclusively establishes that Jacobs, already a convicted felon, intentionally and forcibly began a dangerous confrontation with Deputy Marshals [and Corrections Officers] in a public place while they were escorting him to a holding cell. There is no question that Defendants' response to Plaintiff's conduct was designed not to inflict harm, but to restore discipline. Further, Plaintiff's own affidavit establishes that he initially resisted attempts by one Deputy to restrain him, and continued to resist by forcibly grabbing a female Deputy (who, the trial transcript reveals, had a holstered handgun within Plaintiff's reach). The episode as described at trial, and as described in Plaintiff's own affidavit, was not lengthy and there were no

9

> "breaks in the action." The Marshals and Corrections Officers involved acted quickly to subdue an unruly and combative prisoner.
>
> Jacobs attempts to transform Defendants' good faith attempt to restore discipline into an unprovoked assault by claiming that he "was not resisting" just before he was finally wrestled to the ground. This alleged split-second decision on Plaintiff's part, even if it occurred, does not permit a fact finder to conclude that any Defendant actually perceived Plaintiff's decision to cease resisting efforts to subdue him, and certainly does not permit a fact finder to conclude that any Defendant then subjectively decided to wantonly inflict pain. In short, there is no evidence in this record that would support "a reliable inference of wantonness in the infliction of pain" during the brief confrontation between Jacobs and Defendants in the hallway following his trial. Whitley, supra. Therefore, Defendants are entitled to summary judgment on Plaintiff's excessive force claim even if that claim is not entirely barred by collateral estoppel or Heck.

(Doc. 76, pp. 11-12). This finding applies equally to Defendant Costello, and he is entitled to summary judgment.

### 2. Failure to intervene

Plaintiff indicates that he is not certain whether Defendant Cesarino-Martin was involved in the altercation following his civil trial, but states that she was "at all times in a position to stop this brutalization and did not." (Doc. 68-1, ¶ 11). Plaintiff does not mention Defendant Toriano at all concerning this incident.

"[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith, 293 F.3d at 650 (3rd Cir. 2002). A Plaintiff must prove that the officers had both a duty and the opportunity to intervene, but failed to do so. Id. at 650-51. Of course, in order to prove a claim for failure to intervene, "there must exist an underlying constitutional violation." Harper v. Albert, 400 F.3d 1052, 1064 (7th Cir. 2005). In this case, no duty to intervene arose because there was no unconstitutional use of

force. Defendants Cesarino-Martin and Toriano are entitled to summary judgment with respect to Plaintiff's claim that they failed to intervene in the incident following his civil trial.

A separate analysis is required, however, with respect to the earlier incident when Defendant Delano is alleged to have choked Plaintiff and Defendant Toriano is alleged to have failed to intervene. The Court denied Defendant Delano summary judgment on this claim (Doc. 78, p. 2) and, accordingly, it would not be appropriate for the Court to convert the current motion to a summary judgment motion. Applying the motion to dismiss standard, there is at least a plausible allegation of an underlying constitutional violation, satisfying the first element of a failure to intervene claim.

Nonetheless, DOC Defendant Toriano argues that Plaintiff has not made a plausible allegation that there was an opportunity to intervene in the choking incident. As noted above, Plaintiff must allege facts that would permit a jury to conclude that Toriano had an opportunity to intervene. Smith, 293 F.3d at 650. Plaintiff does not address this argument in his response to the motion (Doc. 88), but he did state in his affidavit that he was choked long enough that he almost passed out (Doc. 68-1, ¶ 8). Although Plaintiff has not offered a specific time frame for the alleged assault, it is facially plausible that an incident of choking that took long enough to "almost" make Plaintiff pass out was of sufficient duration to offer Defendant Toriano an opportunity to intervene. The Motion for Judgment on the Pleadings should be denied in this respect.

### 3. Retaliation

The DOC Defendants note that they are not named in Plaintiff's claim for retaliation (Doc. 7, ¶ 30). Plaintiff does not address this argument in his brief (Doc. 88). The DOC Defendants are entitled to judgment on the pleadings with respect to Plaintiff's retaliation claim.

Further, even if Plaintiff did assert a retaliation claim against these Defendants, they would be entitled to have their motion converted into a summary judgment motion, and to have that motion granted for the same reasons summary judgment was earlier granted to the United States Marshal Defendants.

### 4. Conspiracy to cover up the "assault" following the jury verdict

The essential elements of a conspiracy claim pursuant to 42 U.S.C. § 1985(3) are: (1) a conspiracy; (2) motivated by racial or class-based discriminatory animus; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or a deprivation of any right or privilege. Lake v. Arnold, 112 F.3d 682, 685 (3rd Cir. 1997). Plaintiff alleges that Defendants "falsified records" to make it appear that he caused the disturbance and in an effort to cover up the fact that they had employed excessive force against him. Plaintiff's claim necessarily fails for the same reasons that his underlying claim of excessive force fails; the jury in Plaintiff's criminal case has already determined that Defendants did not employ excessive force. Therefore, there is no underlying deprivation sufficient to satisfy the fourth element of a conspiracy claim. The DOC Defendants are entitled to summary judgment on the conspiracy claim because they are entitled to summary judgment on the underlying excessive force claim.

### 5. Conspiracy to intimidate witnesses

The DOC Defendants are not named as participants in the alleged conspiracy to intimidate witnesses (Doc. 7, ¶ 46). They are, therefore, entitled to judgment on the pleadings with respect to this claim.

Further, even Plaintiff did include the DOC Defendants in his conspiracy claim, they would be entitled to summary judgment for the same reasons as the United State Marshal Defendants.

### 6. Battery

The DOC Defendants also seek judgment on the pleadings concerning Plaintiff's state law battery claim on the basis that Pennsylvania law provides immunity from suit for officials and employees acting within the scope of their employment. 42 Pa.C.S.A. §§ 8501, 8522. Section 8522 provides a broad grant of immunity from suit for all Commonwealth employees, and it is Plaintiff's burden to establish that one of the specific exceptions set forth in Section 8522(b) applies to his claim. Pennsylvania Turnpike Commission v. Nationwide Trucking Services, Inc., 319 F. Supp.2d 569, 579 (W. D. Pa. 2004) (internal citation omitted). These exceptions are limited in scope, and are to be strictly construed. White by Pearsall v. School Dist. of Phila., 553 Pa. 214, 718 A.2d 778, 779 (1998). The Court has reviewed the exceptions, and can find none that are arguably applicable to Plaintiff's claim. Therefore, the DOC Defendants are entitled to judgment on the pleadings with respect to Plaintiff's state law claim since they were acting at all times within the scope of their duties as a Commonwealth employees.

## II. CONCLUSION

For the foregoing reasons it is respectfully recommended that the Motion for Judgment on the Pleadings filed by Defendants Cesarino-Martin, Costello and Toriano (Doc. 74) be converted into a motion for summary judgment in some respects, and that it be granted in part and denied in part.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.D.2, objections to this report and recommendation are due on or before September 9, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: August 26, 2010

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
ANDRE JACOBS
DQ5437
SCI Dallas
1000 Follies Road
Dallas, PA 18612