# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANDRE JACOBS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-237 |
| | ) | Judge Conti |
| DEBORAH BAYHA, *et al.*, | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |

## MEMORANDUM ORDER

Andre Jacobs ("Plaintiff") commenced this civil rights suit with the receipt of a complaint by the Clerk of Court on February 23, 2007 (Docket No. 1). The matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. The case was later assigned to another magistrate judge.

The magistrate judge's Report and Recommendation, filed on August 26, 2010 (Docket No. 94), recommended that the motion for judgment on the pleadings filed by defendants Costello, Cesarino-Martin, and Toriano (Docket No. 74) ("DOC Defendants") be converted into a motion for summary judgment in some respects, and granted with respect to all claims save for the those against defendant Toriano premised upon his alleged failure to intervene in defendant Delano's alleged "choking" of Plaintiff. Plaintiff timely filed objections. (Docket No. 96).

Plaintiff's first two objections are premised on the assertion that the magistrate judge, and this court, erred in finding that Plaintiff was collaterally estopped and barred by Heck v. Humphries, 512 U.S. 477 (1994), from claiming that defendants used, or failed to intervene in the use of, excessive force against Plaintiff during events on the afternoon of March 3, 2005, for

which Plaintiff was convicted of "Assaulting, Resisting or Impeding a Federal Employee," pursuant to 18 U.S.C. § 111(a)(1) and (b).[1] Specifically, Plaintiff argues that this criminal conviction touches on only whether excessive force was used prior to or during his assault, resistance, or impedance of a federal employee, and that any force used after he was subdued on March 3, 2005, is not estopped or barred. (Docket No. 96 at 1-2). Plaintiff argues that a holding by this court that is contrary to the above argument would be precluded by the findings of this court in a prior case involving Plaintiff. See Jacobs v. Beard, No. 04-1592 (W.D.Pa. filed Oct. 18, 2004). Third, Plaintiff argues that Plaintiff's pending motion for reconsideration before this court (Docket No. 81), which seeks reconsideration of the order of this court (Docket No. 78) adopting the magistrate judge's Report and Recommendation of March 3, 2010 (Docket No. 76), and holding that Plaintiff's claims stemming from the aforementioned incident were estopped and barred, invalidates the Report and Recommendation of August 26, 2010 (Docket No. 94).[2] The arguments for these two objections ultimately relate to the same issue, and should be addressed together.

Plaintiff's arguments with respect to the collateral estoppel and Heck bar of his claims relating to the March 3, 2005 incident were thoroughly addressed by the magistrate judge in the Report of August 26, 2010 (Docket No. 94 at 6-7), as well as in the Report of March 3, 2010

---

[1] Plaintiff did not respond in his objections to the magistrate judge's finding that Plaintiff's recitation of facts fails to show that a constitution violation took place during this incident. See Report (Docket No. 94 at 7). Plaintiff's argument is arguably raised in Part C of Plaintiff's motion for reconsideration (Docket No. 81). This court will address that argument, to the extent that it is made, when it rules upon the motion for reconsideration.

[2] In his objections, Plaintiff references his brief, entitled Sur-Reply on Collateral Estoppel Issue, (Docket No. 90), as the filing that has not been addressed by this court. This brief supports the arguments made in the motion for reconsideration (Docket No. 81). This court will take Plaintiff's brief into consideration when it decides Plaintiff's pending motion for reconsideration.

(Docket No. 76 at 6-9), the latter of which has been adopted as the opinion of this court (Docket No. 78). Furthermore, the ruling of this court in the prior case of Jacobs v. Beard is based on facts that are distinct to that case. As such, these two arguments in support of Plaintiff's first two objections are unpersuasive at this time.

The ultimate disposition of Plaintiff's pending motion for reconsideration (Docket No. 81) could affect the holdings in this order. Thus, while this court will deny Plaintiff's current objections to the magistrate judge's findings with respect to the collateral estoppel and Heck bar issues in her Report of August 26, 2010, this court will entertain a motion for reconsideration on these issues, should its holding in the pending motion for reconsideration (Docket No. 81) be beneficial to Plaintiff's case.

Plaintiff's next objection to the Report and Recommendation (Docket No. 94) is based on the treatment of some aspects of DOC Defendants' motion for judgment on the pleadings (Docket No. 74) as a motion for summary judgment. Plaintiff argues that his right to due process was violated by addressing that motion in such a manner, because it was done without first giving notice to Plaintiff. (Docket No. 96 at 2). Plaintiff asserts that he was denied the ability to make arguments incorporating the proper legal standards. (Docket No. 96 at 2-3).

When a motion to dismiss is converted into a motion for summary judgment, a court must provide notice and opportunity to respond to a nonmoving party.[3] Berry v. Klem, 283 Fed. Appx. 1, 3 (3d Cir. 2008). In the case *sub judice*, notice and opportunity to respond were given to Plaintiff during the objections period between the filing of the Report by the magistrate judge and the filing of his objections of this order. The duration of time between the filing of the Report

---

[3] Notice and opportunity to respond are necessary as well for a motion for judgment on the pleadings, which is subject to a substantially identical standard of review as Rule 12(b)(6) motions. See Spruill v. Gillis, 372 F.3d 218, 224 n.2 (3d Cir. 2004).

and Recommendation, August 26, 2010, and the date on which Plaintiff's objections were due, September 24, 2010, was thirty days. Even if, as Plaintiff implies, he did not receive the Report until September 6, 2010, see Pl.'s Mot. for Extension of Time, he still had eighteen days to respond with objections. Plaintiff had notice and ample opportunity to respond. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (finding that the ten-day time period for filing objections to a magistrate judge's report and recommendation provided adequate notice and opportunity to respond to that court's *sua sponte* grant of summary judgment).

Furthermore, the rationale for the conversion of these aspects of DOC Defendants' motion for judgment on the pleadings into a motion for summary judgment is based upon the magistrate judge's Report of March 3, 2010 (Docket No. 78), which was adopted as the opinion of this court on March 25, 2010 (Docket No. 78). Plaintiff submitted multiple filings containing substantive arguments attacking the reasoning of that Report on the issue in question. (See Docket Nos. 81 and 90). This court finds that Plaintiff had a fair opportunity to contest this particular issue, as required by the Supreme Court in Celotex Corp. v. Cartett, 477 U.S. 317, 326 (1986). As such, Plaintiff's assertion of a due process violation with respect to this issue is unpersuasive.

Plaintiff argues that he "is not certain whether [D]efendant Cesarino-Martin or others used force on [him] during that March 3, [2005] incident." (Docket No. 96 at 3) (emphasis in original). This issue was addressed thoroughly by the magistrate judge in her Report. (Docket No. 94 at 10-11). Even if Plaintiff were able to show that defendants Cesarino-Martin and/or Toriano had been involved in the use of force against Plaintiff in the elevator, either by engaging in the physical subdual of Plaintiff or by failing to intervene in the same, no liability would attach under § 1983 because, for the reasons stated above and in the Report, no constitutional violation took place during that incident. Id. at 7-11.

Plaintiff argues that the magistrate judge erred in determining whether DOC Defendants were acting within the scope of their employment, presumably with respect to his state-law battery claim. (Docket No. 96 at 3); Report (Docket No. 94 at 13). Plaintiff asserts that, under Pennsylvania law, whether an individual is acting within the scope of his or her employment is a question of fact to be decided by a jury. See, e.g., Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1276 (3d Cir. 1979). In order for there to be a jury question, there must be a factual dispute regarding the matter in issue. As the magistrate judge's Report indicated, when adjudicating a motion made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (or pursuant to Rule 12(b)(6), for that matter), a court must assume that a plaintiff's well-pleaded factual allegations are true. See e.g., Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); see also Report (Docket No. 94 at 2). Under this standard, there can logically be no issue of fact with respect to Plaintiff's claims. A court must examine a plaintiff's factual allegations and determine whether they, taken as true and viewed in the light most favorable to the plaintiff, "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 127 S.Ct. 1937, 1949 (2009). If the factual allegations do not support this reasonable inference, and leave to amend would be futile, then the claims that they underlay must be dismissed as a matter of law.

For the purpose of sovereign immunity in Pennsylvania, the test for whether an action of a state employee falls within the scope of his or her employment is whether it:

> (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer.

Mitchell v. Luckenbill, 680 F.Supp.2d 672, 682 (M.D.Pa. 2010) (quoting Wesley v. Hollis, No. 03-3130, 2007 WL 1655483, at *14 (E.D.Pa. June 6, 2007)). Applying this standard, it is clear that Plaintiff's bare assertion in his objections that the DOC Defendants acted outside of the scope of their employment is unsupported. Indeed, Plaintiff's own allegations support a contrary finding. Plaintiff admits in his complaint that "at all times relevant, all the Defendants exercised joint custody of Plaintiff pursuant to their duties as correctional officers . . .." Compl. (Docket No. 7 ¶ 2). Plaintiff's specific allegations with respect to the alleged assaults indicate that the DOC Defendants were acting in furtherance of their official duties. Id. ¶¶ 13, 16. Plaintiff alleges no facts in his complaint indicating that the DOC defendants acted in a manner that would be outside the scope of their employment. Under those circumstances, the complaint reflects that DOC Defendants were acting within the scope of their employment and therefore are immune from liability with respect to Plaintiff's state-law battery claims. If there are facts which support plaintiff's arguments that DOC defendants were acting outside the scope of their employment, plaintiff may seek leave to file an amended complaint.

Finally, Plaintiff alleges in his complaint that, after returning to the State Correctional Institution at Fayette on March 3. 2005, defendant Costello " threatened to kill Plaintiff if he reported these events." Id. ¶ 25. Plaintiff alleges that this threat constituted a violation of his constitutional rights, as well as tortuous assault and conspiracy.[4] Docket No. 7 ¶ 64. Plaintiff does not indicate what constitutional right is implicated.

---

[4] It is unclear from the general allegations in the complaint associated with the claims arising from this incident, to what degree Plaintiff alleges conspiracy, pursuant to § 1985, or instead seeks some relief under state tort law. To the extent that Plaintiff alleges conspiracy under § 1985, this issue was adequately addressed in the Report and Recommendation, and should be dismissed for the reasons stated therein. (Docket No. 94 at 12).

It has been long recognized that mere verbal threats, in and of themselves, do not give rise to constitutional violations, and are thus not actionable under § 1983. See e.g., Bartelli v. Lewis, No. 04-0908, 2005 WL 2406048, at *2 (M.D.Pa. Sept.29, 2005). Indeed, the allegation of verbal threats has been found to be insufficient to state a claim under § 1983 under a variety of circumstances. See, e.g., Pittsley v. Warish, 927 F.2d 3, 8 (1st Cir. 1991) ("threats causing fear for plaintiff's life [are] not an infringement of a constitutional right, [and] thus [are] not actionable under § 1983") (abrogated on other grounds by County of Sacramento v. Lewis, 523 U.S. 833 (1998)); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (allegation that sheriff laughed at and threatened to hang a prisoner did not state a constitutional claim under § 1983); Shabazz v. Cole, 69 F.Supp.2d 177, 201 (D.Mass. 1999) ("[T]he weight of authority is that verbal threats, even abusive threats with racial epithets, do not, in the context of prison, violate an inmate's constitutional rights. 'Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983.'") (quoting Jermosen v. Coughlin, 878 F. Supp. 444, 449 (N.D.N.Y. 1995)); O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats and abuse by jail officials at the hospital did not rise to the level of a constitutional violation"). To the extent Plaintiff is raising a constitutional claim that the verbal threat itself violated his rights under the Constitution, the complaint fails to state a claim upon which relief may be granted. This conclusion is without prejudice to the right of Plaintiff to seek to amend his complaint if there is another basis for relief. See Wilson v. Zielke, No. 09-2607, 2010 WL 2144292, at *1 (3d Cir. May 28, 2010).

With the dismissal of the § 1983 claim against defendant Costello relating to this alleged incident, the remaining state law claims against him will be dismissed without prejudice because this court declines to exercise supplemental jurisdiction over those state law claims. 28 U.S.C.

§ 1367(c)(3).

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation (Docket No. 94) and Plaintiff's objections thereto (Docket No. 96), the following ORDER is entered:

AND NOW, this 30th day of September, 2010,

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings filed by the DOC Defendants (Docket No. 74) is converted into a motion for summary judgment with respect to the following claims: 1) Plaintiff's claim of excessive force against defendant Costello; 2) Plaintiff's claim of failure to intervene against defendants Costello and Cesarino-Martin; 3) Plaintiff's claim of retaliation against DOC Defendants; and 4) Plaintiff's claim of conspiracy to cover up the "assault" following his jury verdict on March 3, 2005 against DOC Defendants.

IT IS FURTHER ORDERED that the above-mentioned motion is GRANTED with respect to all claims, save for the claims against defendant Toriano premised upon his alleged failure to intervene in defendant Delano's alleged "choking" of Plaintiff.

IT IS FURTHER ORDERED that any constitutional claims that Plaintiff raised against defendant Costello with respect to his alleged threat to kill Plaintiff are DISMISSED without prejudice. Plaintiff's state assault claim against defendant Costello is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Bissoon (Docket No. 94) dated August 26, 2010, as it is modified by this Memorandum Order, is adopted as the opinion of this court.

s/Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:
ANDRE JACOBS
DQ5437
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021

Magistrate Judge Bissoon