IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANDRE JACOBS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-237 |
| DEBORAH BAYHA, *et al.*, | ) ) ) | Judge Conti Magistrate Judge Bissoon |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Andre Jacobs ("plaintiff") filed this motion for reconsideration (ECF No. 81) of the order of this court (ECF No. 78) adopting the magistrate judge's report and recommendation dated March 8, 2010. (ECF No. 76).

Plaintiff's civil rights suit commenced with the receipt of a complaint by the Clerk of Court on February 23, 2007 (ECF No. 1). The matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges.

On July 15, 2009, defendants Bayha, Delano, Potter, Moorhead, and Holtz ("marshal defendants") filed a motion to dismiss, or, in the alternative, motion for summary judgment. (ECF No. 59). The magistrate judge's report and recommendation, filed on March 8, 2010, recommended that summary judgment be granted in part and denied in part. First, the magistrate judge concluded that the doctrine of collateral estoppel and the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994), barred plaintiff's excessive force claims against the above-named marshal defendants stemming from an incident that occurred during the afternoon

1

of March 3, 2005. (ECF No. 76), at 6-11. The report also addressed plaintiff's allegations with respect to this incident on their merits, and found that, even if they were not procedurally barred, plaintiff had failed to establish liability under the Eighth Amendment for the events that took place during the incident. Id. at 11-13. The report further recommended that, given that plaintiff could not establish that his constitutional rights were violated during the altercation on the afternoon of March 3, 2005, defendants should be granted summary judgment on the failure to intervene, retaliation, and conspiracy claims based on that event, as well as all claims of battery brought against the marshal defendants under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq*. Id. at 13-17. Additionally, the magistrate judge recommended that marshal defendants be granted summary judgment on plaintiff's claims of retaliation and conspiracy with respect to defendants' alleged harassment of plaintiff and his witnesses during his civil trial in 2005. Finally, the magistrate judge recommended that summary judgment be denied with respect to the remaining claims against defendant Delano, which stemmed from his alleged assault of plaintiff on the morning of March 3, 2005.

On March 25, 2010, having received no objections from the parties involved, this court entered an order (ECF No. 78) adopting the report of March 8, 2010, and granting in part and denying in part summary judgment to the above-named marshal defendants in the manner recommended by the magistrate judge. On April 8, 2010, plaintiff filed a motion for reconsideration of this court's order. (ECF No. 81). This filing is dated April 2, 2010, which is eight days after this court issued its order adopting the magistrate judge's report. Id. at 10.

A. **Legal Standard**

The applicable standard for adjudicating a motion for reconsideration is summarized as follows:

> Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly "[b]ecause federal courts have a strong interest in finality of judgments." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 938, 943 (E.D.Pa. 1995). As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "[J]udgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id., citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Tom Brown Contracting, Inc. v. Westport Ins. Co., No. 04-1171, 2007 WL 966743, at *3 (W.D.Pa. Mar. 29, 2007). It must be noted, however, that "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Id. (citing Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. December 18, 2001) (internal quotations omitted)).

Plaintiff's motion presents a complication. Plaintiff asserts that his failure to submit timely objections to the magistrate judge's report was due to his lack of receipt of a copy of said report in a timely manner. (ECF No. 81) at 1 n.1. Plaintiff submits evidence supporting this

3

assertion. Ex. A. to Pl.'s Mot. for Recons. (ECF 81-1). As such, this court will, out of an abundance of caution, apply a *de novo* standard of review. See 28 U.S.C. § 636(b)(1).

**B. Facts**

As the parties are doubtlessly aware, the Supreme Court in Heck held that a plaintiff cannot bring a civil action under § 1983 that would necessarily call into question the validity of a prior criminal conviction, unless that conviction had been reversed on appeal, expunged by executive order, or declared invalid in collateral proceedings. 512 U.S at 486-87 (1994). It logically follows from this doctrine that, even in cases where a plaintiff attempts to raise a *claim* that would not necessarily call into question the validity of a criminal conviction, that plaintiff still is barred from alleging *facts* that would do so. Indeed, the courts have addressed this very issue, and found that, pursuant to the Heck doctrine, factual allegations that are inconsistent with the validity of a conviction cannot be used to support a civil action. See, e.g., McCann v. Neilsen, 466 F.3d 619, 621-22 (7th Cir. 2006). As such, even if this court were to find, for the sake of argument, that Heck did not preclude plaintiff's claims against defendants, it would be impossible to divorce entirely the analysis of the factual allegations underlying plaintiff's Eighth Amendment claims from the holding in that case. With that in mind, the court will review the facts underlying plaintiff's claims arising from the incident of the afternoon of March 3, 2005.

On March 3, 2005, plaintiff was prosecuting a civil trial before the undersigned in a courtroom on the ninth floor of the United States Courthouse in Pittsburgh, Pennsylvania. On the afternoon of that day, the jury returned a verdict that was not favorable to plaintiff. After hearing the verdict, plaintiff was escorted from the courtroom by marshal defendants, as well as other defendants who are not the subject of this motion. While approaching an elevator, plaintiff

4

became violent and noncompliant. An altercation ensued, which was continued on the elevator itself. Force was used by marshal defendants, and possibly others, to subdue plaintiff. Plaintiff was removed from the elevator and carried to a holding cell. There are no allegations by plaintiff that any force was used as he was being taken from the elevator or afterward.

For his part in this altercation, plaintiff was charged with violations of 18 U.S.C. § 111(a)(1) and (b), which prohibit assaulting, resisting, opposing, impeding, intimidating, or interfering with certain officers of employees of the federal government.[1] The statute provided, in pertinent part:

> (a) In general. – Whoever –
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.
>
> (b) Enhanced penalty. – Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111 (2002 Supp. II)

Plaintiff pleaded not guilty, and proceeded to trial before United States District Judge Gustave Diamond. See generally, United States v. Jacobs, No. 05-cr-0064 (W.D.Pa. filed

---

[1] 18 U.S.C. § 111 was amended in 2008. See Pub.L. 110-177, 121 Stat 2538. The version that was in effect time on March 3, 2005, is reproduced above.

Mar. 22, 2005). Witnesses, including defendants Potter and Bayha, testified that plaintiff, having just lost his civil case, became angry while being led into an elevator, and that he threw his books and papers at defendant Potter, began striking defendant Potter with his shackles, and then grabbed defendant Bayha before being overpowered and brought to the floor of the elevator. United States v. Jacobs, No. 05-cr-0064 (ECF No. 100) at 152-56 (Trial Tr. of Apr. 24, 2006, at 122-24); see United States v. Jacobs, No. 05-cr-0064 (ECF No. 101) at 204-207 (Trial Tr. of Apr. 25, 2006, at164-66). Additionally, testimony indicated that both defendants Potter and Bayha were in possession of firearms at the time that were in reach of plaintiff as he struggled with them. See United States v. Jacobs, No. 05-cr-0064 (ECF No. 100) at 138-139 (Trial Tr. of Apr. 24, 2006, at 111). Testimony was given that defendant Potter was injured, to the point of requiring surgery, after plaintiff struck him with the edge of his handcuffs. United States v. Jacobs, No. 05-cr-0064 (ECF No. 100) at 157 (Trial Tr. of Apr. 24, 2006, at 126); see United States v. Jacobs, 311 F.App'x 535, 536 (3d Cir. 2008). Plaintiff argued at trial that he was subjected to excessive force by defendants on the way to the elevator, and that any actions he took were to defend himself from what he perceived to be an assault.

As the magistrate judge correctly observed, Judge Diamond instructed the jury concerning the elements of the offense as follows:

> In order to for you to find the defendant guilty of the crime charged . . . the government must prove beyond a reasonable doubt every one of the following five elements:
>
> First. That Robert Potter and Deborah Bayha were federal officers.
>
> Second. That defendant forcibly assaulted or resisted or opposed or impeded or interfered with Robert Potter or Deborah Bayha.

> Third. That at the time, Robert Potter and Deborah Bayha were engaged in the performance of their official duties.
>
> Fourth. That the defendant acted willfully.
>
> And, fifth. That the defendant's actions resulted in bodily injury.

(ECF No. 71-1) at 2; see United States v. Jacobs, No. 05-cr-0064 (ECF No. 102) at 110-11 (Trial Tr. of Apr. 26, 2006, at 88). Judge Diamond instructed that "all of the acts, assault, resist, oppose, impede and interfere are modified by the word forcibly" so that a conviction could occur only if plaintiff acted "forcibly" (ECF No. 71-1) at 3. The jury also was instructed on plaintiff's defense that he had been the victim of excessive force:

> Counsel for the defendant has argued that the Deputy United States acted with unreasonable or excessive force and that defendant's actions were in response to the unreasonable or excessive force and were justified in view of the unreasonable or excessive use of force.
>
> The use of unreasonable force is inconsistent with a United States Deputy Marshal's performance of his or her official duties. Thus, if you have a reasonable doubt that the force used was reasonable under the circumstances and was not excessive, you may find that the Deputy United States Marshals were not engaged in the performance of their official duties at the time of the defendant's acts and, therefore, that this element of the government's case has not been proven.
>
> If you have a reasonable doubt as to whether Robert Potter and Deborah Bayha were Deputy United States Marshals or were engaged in the performance of their official duties at the time of the alleged acts by defendant, you must find the defendant not guilty.

Id. at 4; see United States v. Jacobs, No. 05-cr-0064 (ECF No.102) at 116-131 (Trial Tr. of Apr. 26, 2006, at 94). Plaintiff argues that this instruction is limited to only the determination whether

7

he had attacked defendants first, or whether his actions were in self-defense with respect to an unprovoked attack on the part of defendants. For the sake of argument, this court will accept plaintiff's argument with respect to this issue in its analysis of the current motion.

Plaintiff was found guilty by the jury, and was sentenced to 210 months imprisonment (Doc. 60-2, p. 1). Based on this finding, it is incontestable under Heck that plaintiff, a state prisoner, forcibly and willfully attacked the defendants escorting him on the afternoon of March 3, 2005, and that plaintiff's violent actions were not in response to an excessive use of force on the part of defendants. Any allegations or arguments to the contrary must be disregarded by this court.

C. **Analysis**

Plaintiff makes the following arguments in his motion. First, he claims that the jury at his criminal trial, United States v. Jacobs, No. 05-cr-0064 (W.D.Pa. filed Mar. 22, 2005), never considered whether the force used by defendants to subdue plaintiff *after* he assaulted[2] them was excessive, and that this court erred in concluding that the doctrine of collateral estoppel and the Supreme Court's holding in Heck precluded plaintiff's suit based on those claims. Pl.'s Mot. for Recons. (ECF No. 81), at 2-6. In support of this, plaintiff makes numerous references to the

---

[2] Plaintiff takes umbrage with any reference to his criminal conviction as an assault, arguing that 18 U.S.C. § 111 criminalizes not only forcible assault, but also resistance, opposition, intimidation, and interference, and that it is unclear of which offense the jury convicted him. In response to this, this court notes first that, when it adjudicated his direct appeal from his conviction, the court of appeals had no compunction whatsoever in characterizing plaintiff's actions as an "assault." See United States v. Jacobs, 311 F.App'x 535, 535-36 (3d Cir. 2008). Second, any ambiguity concerning the term with which the jury characterized plaintiff's criminal actions cannot diminish the violent nature of his attack on defendants on the afternoon of March 5, 2005, and does not detract from the physical harm that he caused defendant Potter, or the danger that he posed to all defendants who were escorting him in the elevator.

8

record of his criminal trial, and cites to multiple decisions in which suits alleging the use of excessive force were allowed to proceed despite a criminal conviction for assault arising from a related series of events. This court declines to address the issue of the preclusive effect of Heck in this case because, for the reasons stated below, even if plaintiff prevails in this argument, the instant motion still must be denied.

Second, plaintiff argues that this court erred in its analysis of the merits of plaintiff's Eighth Amendment claims, asserting that it was improper for this court to consider the issue as it was not raised by the defendants. Id. at 7.

It is proper for a district court to grant summary judgment *sua sponte* only if it has given parties notice, so that they may "'marshall [their] evidence to show that there is a genuine issue of material fact. . . .'" Carter v. Beard, 392 F.App'x 82, 84-85 (3d Cir. 2010) (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d. Cir. 1990)). In Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010), the Court of Appeals for the Third Circuit recently addressed the question of what constitutes "adequate notice" in this context.[3] The court of appeals held that "adequate notice in the pro se prisoner context includes providing a prisoner-plaintiff with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit." Id. It appears from the docket that, in this case, no such notice was sent. As such, this court will conclude that treating defendants' motion to dismiss as one for summary judgment was in error – at least with respect

---

[3] The opinion of the Court of Appeals in Renchenski v. Williams was published on October 4, 2010 – more than six months after this court issued its order converting defendants' motion to dismiss into a motion for summary judgment. See Renchenski, 622 F.3d 315 (3d Cir. 2010).

9

to plaintiff's Eighth Amendment claim arising from the events of the afternoon of March 3, 2005.[4]

The court of appeals, however, recognized in Renchenski, "'[t]he failure to give adequate notice does not, however, require automatic reversal; it may be excused if the failure was a harmless error. Thus, [a] judgment may be affirmed if it appears that there is no set of facts on which plaintiffs could possibly recover.'" Id. (quoting Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989)). For the reasons stated below, it is clear that, under the Heck bar – even if this court were to apply it in the extremely limited manner advocated by plaintiff – there is no set of facts under which plaintiff could recover. As such, any error in treating marshal defendants' motion as one for summary judgment with respect to the events of the afternoon of March 3, 2005, was harmless.

Additionally, it appears that it ultimately was unnecessary for this court to treat marshal defendants' motion as one for summary judgment in order to dispose properly of plaintiff's claims relating to that incident. The evidence submitted by marshal defendants – and relied on by the magistrate judge – supporting summary judgment in their favor with respect to plaintiff's Eighth Amendment claim regarding the incident in question was all culled from transcripts of plaintiff's 2005 criminal trial. See Report (ECF No. 76) at 3-5. Even when adjudicating a motion to dismiss for failure to state a claim, courts are permitted to take judicial notice of matters of public record, prior judicial opinions, and official court records. See, e.g., McTernan

---

[4] Plaintiff does not argue that he lacked sufficient notice to address a summary judgment motion with respect to any claims other than his the Eighth Amendment claim arising from the incident that took place on the afternoon of March 3, 2005. Out of an abundance of caution, however, this court will address those claims as having run afoul of the notice standard in Renchenski. For the reasons stated below, it is clear that plaintiff could not prevail, under any set of facts, on any of the claims that he addresses in his motion for reconsideration.

v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); Carley v. Wheeled Coach, 991 F.2d 1117, 1126 (3d Cir. 1993) (citing Gov't of Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976)). Transcripts of plaintiff's 2005 criminal trial are court records. See United States v. Jacobs, No. 05-cr-0064 (ECF Nos. 100-104). Thus, it is proper for this court to take judicial notice of those transcripts, and, based upon those transcripts and the Supreme Court's holding in Heck, dismiss plaintiff's Eighth Amendment claim stemming from that incident, *sua sponte*, as legally frivolous. Specifically, 28 U.S.C. § 1915 (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F.App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under § 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D.Pa. Feb. 26, 2009) (Cercone, J.).[5]

---

[5] Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).

In order to state a claim for a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective element questions whether the deprivation of a basic human need is sufficiently serious; the subjective component asks whether the officials acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component is analyzed in the context of "contemporary standards of decency," Hudson v. McMillian, 503 U.S. 1, 8 (1992), while the subjective component arises from the concept that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)).

As the magistrate judge correctly noted in her report, the central judicial inquiry in adjudicating an Eighth Amendment excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 7; Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002)

Turning to the merits of plaintiff's claims, a review of the facts surrounding the incident of the afternoon of March 3, 2005, clearly shows that plaintiff fails in his excessive force claim against the marshal defendants. This is because the incontestable facts of this case do not support a reliable inference that marshal defendants engaged in the wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 322 (1986).

As explained above in great detail, under Heck, plaintiff may not make factual allegations that call into question the legitimacy of the verdict of his 2005 criminal conviction. Even applying the extremely limited application of Heck that plaintiff advocates, it is still without

question that, in light of the jury's verdict, the response of marshal defendants to plaintiff's willfully forceful acts on the afternoon of March 3, 2005, was not to inflict pain, but to restore discipline to a combative and dangerous inmate who had caused bodily injury to one of their number during the altercation. Plaintiff's own affidavit (ECF No. 68-1) indicates that plaintiff's acts were forceful and continuous, and that there was no break in the action during the struggle on the elevator during the short period of time that it took to traverse the distance from the ninth to the second floor of the United States Courthouse in Pittsburgh, Pennsylvania.[6] Even if plaintiff's assertion that he stopped resisting just before he finally was brought to the ground is to be believed, there is no inference that can be drawn from plaintiff's allegations, or elsewhere on the record, that plaintiff's split-second decision to cease resisting after violently assaulting marshal defendants was ever communicated to them – objectively or otherwise. Clearly no reasonable trier of fact could find that marshal defendants acted with the culpable state mind necessary to establish liability for the use of excessive force under the Eighth Amendment. As

---

[6] Plaintiff asserts that nothing in his affidavit (ECF No. 68-1) says the incident of the afternoon of March 3, 2005, quickly happened. (ECF No. 81) at 6. While it is true that plaintiff does not use the adverb "quickly," his recitation of allegations in the affidavit (disregarding, as this court must, the statements that are clearly at odds with the verdict in his 2006 criminal case) wholly contradicts this argument. See (ECF No. 68-1) ¶¶ 9-10. Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The undersigned takes notice that the time of the elevator trip from the ninth floor (which is where the altercation began) to the second floor (which is where the U.S. Marshal's office and cell block are located in the courthouse, see (ECF No. 100) at 137; Trial Tr. of Apr. 24, 2006, at 110) is indeed, brief. Plaintiff does not allege, and there are no facts to indicate, that the elevator he was in stopped at any point during its journey on the afternoon of March 3, 2005. Under those circumstances, plaintiff's argument that the time that he spent in the elevator cannot be characterized as "brief" lacks merit.

such, and for the foregoing reasons, it is apparent that there is no set of facts under which plaintiff could recover for this claim, and thus his motion for reconsideration will be denied.[7]

Third, plaintiff argues that this court erred in its determination that defendants were not liable for failing to intervene in the events of the afternoon of March 3, 2005, because no underlying unconstitutional use of force took place. See (ECF No. 76) at 13. Plaintiff explicitly bases this argument on his prior assertion that this court erred in finding that his claims against these defendants were barred by the doctrine of collateral estoppel and the holding in Heck. (ECF No. 81) at 8. Plaintiff makes no argument with respect to this court's holding that no Eighth Amendment violation had occurred, on the merits. Even if plaintiff were to contest that interpretation with respect to this claim, he would not prevail, for the reasons stated above.

Fourth, plaintiff argues that this court erred in granting summary judgment with respect to plaintiff's retaliation claims. (ECF No. 81), at 9. With respect to the incident of the afternoon of March 3, 2005, plaintiff challenges this court's holding that plaintiff's claim of excessive force was barred. Plaintiff argues that this court improperly mixed plaintiff's claims of retaliation for complaints that he made during his civil trial in 2005, and the claims of retaliation against him that are related to his criminal conviction under 18 U.S.C. § 111. Plaintiff

---

[7] Based on plaintiff's complaint (ECF No. 7) and affidavit in opposition to marshal defendant's motion (ECF No. 68-1), it is clear that plaintiff seeks to relitigate his 2005 criminal conviction in civil court – in direct violation of Heck. The allegations in his complaint portray the incident of the afternoon of March 3, 2005, as being an act of pure aggression on the part of defendants. (ECF No. 7) ¶¶ 16-17, 22-24. With respect to plaintiff's seventeen-paragraph affidavit, five paragraphs allege or imply facts that are contrary to the jury's verdict in plaintiff's criminal trial. In the two paragraphs that contain salient information, plaintiff indicates that "he pulled away from [defendant] Potter's grasp" while he was being escorted onto an elevator, (ECF No. 68-1) ¶ 9, and that he continued resisting efforts to restore discipline by "grabb[ing] [defendant Bayha's] arm" during the altercation inside the elevator, id. ¶ 10.

additionally claims that this court applied an improper subjective standard with respect to his claims of retaliation for the complaints that he made to this court during his 2005 civil trial.

Plaintiff's arguments with respect to his claims of witness harassment raise no new issues, and were addressed fully by the magistrate judge in her report. (ECF No. 76) at 14-15. Plaintiff failed to include factual allegations to support his position that the "harassment" of his witnesses that he alleges took place would deter someone of ordinary firmness from pursuing his or her constitutional rights, and thus this court cannot discern a plausible claim concerning the adverse action required to establish liability for retaliation. See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). Additionally, with respect to the incident that occurred during the afternoon of March 3, 2005, plaintiff failed to include sufficient factual allegations to show a plausible claim with respect to defendants taking "adverse action," or that some form of constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him.[8] The factual allegations and certified court records from plaintiff's 2005 criminal trial show that defendants acted to restore order after plaintiff willfully forced them into an altercation. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Fifth, plaintiff asserts that this court erred in granting summary judgment with respect to his claims that defendants conspired to cover up the use of excessive force against him on the afternoon of March 3, 2010. This argument is based, once again, on his assertion that this court erred in holding that plaintiff was barred from making claims of excessive force stemming from the events of the afternoon of March 3, 2010. As this court found that plaintiff cannot establish

---

[8] Indeed, thus court's analysis of plaintiff's Eighth Amendment claim stemming from the same events would preclude finding that some form of constitutionally protected conduct was a substantial or motivating factor in the decision to discipline plaintiff.

that excessive force was used, plaintiff's claims of conspiracy to cover up that nonexistent excessive force must fail as well.

Finally, plaintiff asserts that this court erred in its determination that he failed to show the prejudice necessary to make a claim of conspiracy to intimidate his witnesses at his 2005 civil trial before this court. (ECF No. 81) at 10. The magistrate judge addressed that issue thoroughly in the report of March 8, 2010 (ECF No. 76), and a reading of the record, specifically ECF No. 60-5, demonstrates that plaintiff's argument is meritless.[9] It is clear that plaintiff cannot prevail under any set of facts on this claim.

In conclusion, it is clear, based on the Supreme Court's ruling in Heck as it applies to the instant case, and based upon plaintiff's pleadings themselves and the records of his criminal and civil trials, that plaintiff is not entitled to relief under any of the theories that he advances in support of his motion for reconsideration. Thus, after *de novo* review of the pleadings and documents in the case, together with the report and recommendation, and plaintiff's motion for reconsideration, the following order is entered:

---

[9]ECF No. 60-5 is a portion of the transcript of plaintiff's civil trial before the undersigned on March 3, 2005, and, it is appropriate to take judicial notice of it. See, e.g., McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); Carley v. Wheeled Coach, 991 F.2d 1117, 1126 (3d Cir. 1993) (citing Gov't of Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976)). See also Jacobs v. Heck, No. 02-1703 (W.D.Pa. filed Oct. 7, 2002) (ECF No. 196) at 37, 39, 62-63.

AND NOW, this 18th day of March, 2011,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 81) is DENIED.

<u>s/ Joy Flowers Conti</u><br>
Joy Flowers Conti<br>
United States District Judge

cc:
ANDRE JACOBS
DQ5437
SCI Huntingdon
1100 Pike St
Huntingdon, PA 16654

Magistrate Judge Bissoon