# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-237 |
| ) | |
| DEBORAH BAYHA, et al., ) | Judge Conti |
| ) | Magistrate Judge Bissoon |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Andre Jacobs ("Plaintiff") is a state prisoner who alleges that his constitutional rights were violated while he was representing himself during a civil suit in the United States District Court for the Western District of Pennsylvania in February and March of 2005. Compl. (Doc. 7 at 3). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on April 20, 2007. (Doc. 3).

Plaintiff moved for the appointment of counsel on July 18, 2011, citing ongoing problems accessing his legal documents due to prison rules limiting the amount and availability of his personal property. (Doc. 109 at 3). Defendant Toriano responded in opposition to this motion on July 21, 2011. (Doc. 110). Judge Conti denied the Plaintiff's motion without prejudice on August 9, 2011, but indicated that she was attempting to locate volunteer counsel on Plaintiff's behalf. (Doc. 113 at 3). On August 30, 2011, a text order was issued directing the Clerk's office to request that attorneys registered with the local bar association consider taking Plaintiff's case. Before this Court is Defendant Toriano's motion to vacate that text order, which was filed on September 23, 2011.

As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Id. (citing Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (internal quotations omitted)).

Defendant Torino raises two general arguments in this motion. The first is that summary judgment recently was granted to the defendants in one of Plaintiff's cases, Jacobs v. Beard, No. 07-514 (W.D. Pa. Aug. 17, 2010), because the Plaintiff's claims were barred by the statute of limitations. (Doc. 127 ¶ 7). Defendant Torino asserts that, despite the facts that Plaintiff has filed notice of appeal, and that this appeal currently is pending, this should count as a third "strike" pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 127 ¶ 8). However, in making this argument, Defendant Toriano overlooks the following three issues.

First, the determination of whether a prisoner-plaintiff is entitled to leave to proceed IFP under the "three-strikes" rule of 28 U.S.C. § 1915(g) – which is a necessary first step to the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), see Brightwell v. Lehman 637 F.3d 197, 192 (3d Cir. 2011) – must be made at the initiation of the civil action. Lopez v. U.S. Dep't of Justice, 228 F. App'x 218, 219 (3d Cir. 2007) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001)). "[O]nly the strikes actually earned up to that time are relevant. The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns a third strike." Lopez, 228 F. App'x at 219. Here, it appears that Plaintiff was granted IFP status

2

properly upon the initiation of this suit and, pursuant to the above case law, it would be inappropriate to revisit the issue.

Second, "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." Id. at 218. Here, given that the case cited by Defendant Toriano still is on appeal, it cannot, as a matter of law, be counted as a "strike."

Third, Brightwell, the case on which Defendant Torino appears to base this argument, is easily distinguished from the facts of the case at bar. Specifically, in Brightwell, the plaintiff had been denied leave to proceed IFP in his underlying civil suits, whereas Plaintiff to the instant suit appears to have been granted IFP status properly.

For these three reasons, this argument is, put in the kindest possible terms, meritless.

Defendant Toriano also argues that Plaintiff, who is in possession of a judgment of $75,000, but which is on appeal, cannot be counted as a "pauper" for the purposes of section 1915. (Doc. 127 ¶ 9). This is merely a rehashing of an argument raised in this Defendant's response to Plaintiff's underlying motion for appointment of counsel, see (Doc. 110 ¶ 11), which was considered and rejected by Judge Conti and the undersigned.[1]

An examination of the instant motion leads inescapably to the conclusion that Defendant Toriano's arguments are without merit. This Defendant provides no valid basis for reconsideration of this Court's prior order. Instead, it is clear that Defendant Toriano simply disagrees with this Court's ruling, and seeks to relitigate an issue that has already been decided. Accordingly, his motion to vacate will be denied.

AND NOW, this 13th day of October, 2011,

---

[1] The same may be said of the above-mentioned "three strikes" argument. See (Doc. 110 ¶¶ 7-10).

IT IS HEREBY ORDERED that Defendant Toriano's motion to vacate order of August 30, 2011 (Doc. 127), is DENIED.

IT IS FURTHER ORDERED that in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules for Magistrates, objections to this order must be filed by October 27, 2011.  Failure to file objections will waive the right to appeal. Brightwell, 637 F.3d at 193 n.7.

s/Cathy Bissoon  
CATHY BISSOON  
UNITED STATES MAGISTRATE JUDGE

**cc:**
**ANDRE JACOBS**
DQ5437
Luzerne County Prison
99 Water Street
Wilkes Barre, PA 18702