# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE JACOBS,                          )
                                       )          Civil Action No. 07 – 237
              Plaintiff,               )
                                       )          District Judge Joy Flowers Conti
       v.                              )          Chief Magistrate Judge Lisa Pupo Lenihan
                                       )
JEREMY DELANO and TORIANO,             )
                                       )
              Defendants.              )

## MEMORANDUM ORDER

This matter is before the court on the Report and Recommendation of a magistrate judge dated May 24, 2013 ("R&R"), recommending that the motion for summary judgment filed by defendant Daniel Toriano ("Toriano") be denied and that the motion for summary judgment filed by defendant Jeremy DeLano ("DeLano") be granted with respect to the retaliation claim asserted by plaintiff Andre Jacobs ("Plaintiff"), but denied in all other respects.  The parties were served with the R&R and informed that they had until June 10, 2013, to file written objections. On June 7, 2013, defendants DeLano and Toriano filed their objections and on June 21, 2013, Plaintiff filed his response in opposition.  In the objections defendants essentially take issue with the R&R findings that matters of credibility are raised by the conflicting evidence surrounding the incident in question.  Defendants argue that the deposition testimony of Plaintiff is so elusive about the event that no reasonable jury could credit his testimony.  The magistrate judge, however, correctly pointed out that there were discrepancies in the recollection of the two defendants which implicates that their credibility is in issue.  With respect to Plaintiff's

1

deposition testimony, he could not recall specifics of the incident, but he had written notes that were unavailable to him at the time of the deposition in 2011 which would have helped him to recall the incident that occurred in 2005.   When asked to describe details about the incident Plaintiff stated:

> A.     I don't recall specifically at this time until I receive my documentation.  If I had all my documentation, I would be able to answer all of your questions specifically, with specificity.
>
> As I stated, you know, details are blurry.  I haven't had any of my documents, any of my documents.  It's a matter of record.  I got documentation to support this.  I haven't had any of my records since November 5, 2010.  I haven't been able to do any work on this case at all.  My confiscation slips –
>
> Q.     Let me ask you with regard to the documentation you're referring to what in the documentation would help you answer the questions I'm asking you now?
>
> A.      My written – my written notes, my trial transcripts, my complaint.  I don't' have my complaint.  I don't have anything.
>
> Q.     Do the written notes describe in any specificity the allegations you're raising against Mr. Delano regarding his escort during the recess?
>
> A.     Yes.  Absolutely, yes.
>
> Q.     So tell me what those notes will say.
>
> A.     Well, I don't have the notes.

(T.T. 6/14/2011 at 7, 17-15; 8, 1-12 (ECF No. 121-10 at 4)).  Plaintiff, however, testified that he did remember DeLano choking him.

> Q.     Well, tell me what you do remember.

A.      I do – I remember that Delano assaulted me inside of the
        elevator.

Q.      Okay.  What did he do?

A.      He chocked me.  He slammed up against the wall.  You
        know, I don't have the complaint.  You know, they took the
        complaint.  They took my written notes.  I haven't received
        any discovery in this case, so I don't know if there were
        any medical records as to the injuries I received.

(Id. at 5, 23-25; 6, 1-6).

Plaintiff's testimony may be called into question by his lack of memory and other matters raised by defendants.  A jury may consider those matters in assessing his credibility, but his testimony about the chocking is directly contrary to Delano's testimony and Delano's testimony is inconsistent with Toriano's testimony.  The magistrate judge was correct in recommending that there are genuine disputes about the material facts relating to the incident.

Upon review of the submissions and the record, the court finds that the objections do not undermine the recommendation of the magistrate judge.  Therefore, after a *de novo* review of the pleadings, documents in this case and the submissions of the parties, together with the R&R, and objections thereto, the following order is entered.

**AND NOW**, this 18th day of July, 2013,

**IT IS HEREBY ORDERED** that Defendant Toriano's Motion for Summary Judgment (ECF No. 122) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant DeLano's Motion for Summary Judgment (ECF No. 118) is **GRANTED** with respect to Plaintiff's retaliation claim and **DENIED** in all other respects.

**AND IT IS FURTHER ORDERED** that the Report and Recommendation dated May 24, 2013 (ECF No. 165) is adopted as the opinion of this court.

By the Court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge