# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRE JACOBS**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-237 |
| **JEREMY DELANO and DANIEL TROIANO**, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This is a civil rights case in which plaintiff Andre Jacobs ("Jacobs") alleges that he was subjected to cruel and unusual punishment when he was physically attacked, on March 3, 2005, by state and federal officers who were escorting him to a holding cell in the federal courthouse in Pittsburgh, Pennsylvania. Jacobs was in the courthouse that day because he was a pro se plaintiff in a different civil rights case, which was being tried to a jury.

On March 5, 2014, a jury returned a verdict in favor of defendants Jeremy Delano and Daniel Troiano in the instant civil rights case. Following that verdict, Jacobs filed two motions, pro se, on March 12, 2014: (1) a motion for trial transcripts; and (2) a motion for a new trial or to alter or amend the judgment. (ECF Nos. 215, 216.) After defendants were given an opportunity to respond to those motions, the court denied them because Jacobs was represented by counsel when they were filed. (4/4/14 Text-Only Order.) Jacobs' trial counsel thereafter withdrew their representation and the court reinstated the pro se motions and ordered defendants to respond substantively to them. (ECF No. 226.) The motions are now ripe for disposition. For the reasons set forth below, both motions will be denied.

Jacobs asserts that the March 5, 2014 jury "verdict was obtained by fraud, misrepresentation, or misunderstanding." (ECF No. 216 at 1.) Jacobs specifically contends that he was prejudiced by the court's "highly adverse rulings" that "were premised on the erroneous idea that a jury in [Jacobs'] prior criminal trial decided the question of whether excessive force was used against [Jacobs] in the March 3, 2005 incident." (Id. at 1-2.) Jacobs is referring to an altercation that took place at the end of the trial day on March 3, 2005, which resulted in his criminal conviction for assaulting, resisting, or impeding a federal officer, referred to in these proceedings as the "second incident." The instant civil rights case is based on an altercation that took place that same day, but during the morning recess.

Prior to trial on the instant matter, Jacobs, through his counsel, filed a motion in limine seeking to preclude any reference to the second incident, which was granted, in part, and denied, in part, during the final pre-trial conference. (ECF Nos. 196, 197; 2/25/2014 Minute Entry.) Jacobs filed a motion to reconsider the court's ruling, which the court ruled on prior to commencement of the jury trial. (ECF No. 203; 3/3/2014 Docket Entry.) In short, evidence concerning the second incident was largely, but not entirely, excluded, and the jury was twice-instructed that the second incident was not at issue in this case. The jury was not told that Jacobs was convicted of assaulting a federal officer as a result of the second incident, but was told that it was determined, in a court proceeding, that excessive force was not used against Jacobs at that time. Jacobs contends that a new trial or amendment of the verdict is necessary because this court's "various rulings relative to" the admissibility of this second incident "denied [him] due process and a fair trial." (ECF No. 216 at 2.)

Jacobs' objections to this court's evidentiary rulings with respect to the second incident do not justify a new trial or amendment of the judgment. Although Jacobs' motion does not state the legal basis for the relief sought, the court must liberally construe a pro se party's filings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 n.1 (3d Cir. 2009). In the spirit of this tenet, the court considered all possible authorities that could afford Jacobs the relief he requests.

Under Federal Rule of Civil Procedure 59, "[a] new trial may be granted 'when the verdict is contrary to the great weight of the evidence; that is where a miscarriage of justice would result if the verdict were to stand' or when the court believes the verdict results from jury confusion." Brown v. Nutrition Mgmt. Servs. Co., 370 F. App'x 267, 268-70 (3d Cir. 2010) (quoting Pryer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3d Cir. 2001)). "The decision to grant or deny a new trial is confided almost entirely to the discretion of the district court." Blancha v. Raymark Indus., 972 F.2d 507, 512 (3d Cir. 1992) (citing Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980)). Special deference is afforded to the district court when it is asked to order a new trial based on objections to discretionary decisions made at trial, such as the court's evidentiary rulings, jury instructions, or the proper handling of a prejudicial statement made by counsel. Klein v. Hollings, 992 F.2d 1285, 1289-90 (3d Cir. 1993).

A motion to alter or amend a judgment, also known as a motion for reconsideration, is ordinarily granted only if (1) there is "an intervening change in the controlling law," (2) it involves the presentation of "new evidence" that was not available at the time of the ruling in question, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Fed. R. Civ. P. 59(e); Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677

(3d Cir. 1999). The party bringing the motion bears the burden of establishing one of these grounds. By reason of the interest in finality at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court already decided. Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).

Under Federal Rule of Civil Procedure 60(b), a party can obtain relief from a final judgment if it resulted from "mistake, inadvertence, surprise, or excusable neglect" or "fraud…misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). "[R]elief from a judgment under Rule 60(b) should be granted only in exceptional circumstances." Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (citations omitted); see Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). A "Rule 60(b) motion may not be used as a substitute for appeal, and ... legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted).

Jacobs asserts a single basis for relief in his motion: disagreement with the court's evidentiary rulings about the second incident. This objection does not meet the requirements of any of the possibly relevant standards set forth above. The court's evidentiary rulings did not result in a "miscarriage of justice," a "clear error of law," or a "manifest injustice." Jacobs' objection to the rulings, while amenable to challenge on direct appeal, cannot form a basis for relief under Rule 59. Although Jacobs asserts that the jury verdict was obtained by "fraud, misrepresentation, or misunderstanding," which closely mirrors the language of Rule 60(b)(3),

4

that rule requires that the misconduct be "by an opposing party." FED. R. CIV. P. 60(b). Jacobs' objection is to the conduct of this court, not of defendants. He, therefore, cannot meet the requirements of Rule 60 either. Because Jacobs' objection to this court's rulings on a single evidentiary issue does not, under the facts of this case, qualify for the exceptional or extraordinary relief provided for by Rules 59 or 60, Jacobs' motion must be denied.

It follows that Jacobs' motion to receive trial transcripts at public expense must be denied. "The established rule is that the expenditure of public funds is proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321 (1976). Jacobs asks for a copy of the trial transcript for purposes of "cit[ing] to the record" in support of his motion for a new trial or to alter or amend the judgment, (ECF No. 216), and "for purposes of appeal," (ECF No. 215). Although Jacobs does not cite any authority in support of his requests, given his status as a pro se litigant, the court considered all possibly applicable authorities. The court identified no authority that mandates that Jacobs, even as an indigent litigant, receive a copy of the trial transcript in order to support his post-trial motion or to appeal. (ECF No. 6 (order granting Jacobs in forma pauperis status).)

A civil litigant granted in forma pauperis status under 28 U.S.C. § 1915 is not automatically entitled to payment, at the government's expense, of the "necessary expenses" of litigation in federal court. 28 U.S.C. § 1915; Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993). The Court of Appeals for the Third Circuit specifically held, for example, that "[t]here is no provision in [§ 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses." Tabron, 6 F.3d at 159; see Artis v. Byunghak Jin, No. 13-1226, 2013 WL 5936434, at * 1-2 (W.D. Pa. Nov. 5, 2013) (finding no statutory authority permitting the court to direct that indigent civil litigant be given a copy of his medical records at the

5

government's expense). Under § 1915, a district court "<u>may</u> direct payment by the United States of the expenses of" reproducing the record on appeal in any civil case, "if such printing is required by the appellate court." 28 U.S.C. § 1915(c)(1) (emphasis added).

Similarly, under 28 U.S.C. § 753(f), transcripts in civil cases in which a party is "permitted to appeal <u>in forma pauperis</u> shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). That statute provides for the government's payment for transcripts in criminal proceedings brought under the Criminal Justice Act, habeas corpus proceedings, and § 2255 proceedings, but is silent with respect to providing transcripts to indigent civil litigants for purposes of preparing post-trial motions. Although the Criminal Justice Act states broadly that appointed attorneys "<u>may</u> be reimbursed for… the costs of transcripts authorized" by the court, that Act has no applicability to this <u>pro se</u>, civil rights litigation. 18 U.S.C. § 3006A.

The court located no statute authorizing the payment of fees associated with preparation of a trial transcript for purposes of filing post-trial motions in a civil case. Neither § 1915, nor § 753 reflect a Congressional directive that a trial transcript be provided to Jacobs so that he may fine-tune a post-trial motion. For this reason alone, Jacobs' motion for a copy of the trial transcript at public expense for the purpose of "cit[ing] to the record" in support of his post-trial motion must be denied.

Even were this court inclined to consider Jacobs' request to fall within its inherent equitable powers, his motion would be denied. When similar motions are considered to fall within a court's discretionary powers in the context of criminal cases, courts balance various factors such as whether the trial judge is also considering the post-verdict motions, the length of trial, the grounds for the motion, and the usefulness of the transcript in terms of substantiating

6

the party's allegations. United States v. Banks, 369 F.Supp. 951, 955 (M.D. Pa. 1974). Those kinds of considerations dictate that Jacobs' motion be denied in this case. This court presided over the trial of this matter, which was less than three days in duration and concluded less than three months ago. The evidentiary issues about which Jacobs complains were hotly contested, and the court heard oral argument several times from counsel prior to trial. The court is familiar with the legal issues, the applicable facts, the parties' arguments, and its own rulings, and concludes that a trial transcript is not needed in order to rule on Jacobs' post-trial motion. Allowing Jacobs to cite to those portions of the record at which the court ruled on the admissibility of the second incident, and to the testimony that was admitted with respect to the second incident at trial, would not cause the court's rulings on a single evidentiary issue to rise to a level that would warrant relief under Rule 59 or 60, and the applicable legal standards cited above. Jacobs' post-trial motion suffers from a legal deficiency, not a factual one. The transcripts, therefore, will have no effect on the viability of Jacobs' post-trial motion and need not be produced at public cost on that basis.[1]

Although there are statutes authorizing the preparation of a trial transcript at government expense where a litigant is permitted to appeal in forma pauperis, Jacobs made no showing that he can satisfy their requirements. Under § 1915(c), if Jacobs is granted in forma pauperis status to appeal, printing of the record at government expenses is only authorized if such printing is required by the appellate court. 28 U.S.C. § 1915(c)(1). None of these prerequisites has yet taken place. Similarly, under § 753(f), if Jacobs is granted in forma pauperis status to appeal, provision of transcripts at government expense is only authorized if

---

[1] It appears that Jacobs' trial counsel obtained a copy of the transcript of the final pre-trial conference and of a certain witness' trial testimony. Jacobs should have gained access to those items through his trial counsel.

7

this court, or the appellate court, certifies that the appeal is not frivolous, but presents a substantial question. 28 U.S.C. § 753(f). Based on the present record, this court cannot certify that Jacobs' personal disagreements with the court's evidentiary rulings about the second incident present a substantial question for appeal. Therefore, even if Jacobs' in forma pauperis status were continued for purposes of appeal, he has not met the requirements of § 753.

In any event, the court notes that Jacobs' prior submissions to this court indicate that he has some financial resources at his disposal. (ECF No. 174; 1/14/2014 Text-Only Order.) Although the court deemed those resources insufficient to pay his expert witness' substantial fees, which at the time were estimated to be more than $6,000, and were ultimately approximately $10,000, those resources appear sufficient to enable Jacobs to obtain the transcript of a trial consisting of less than eight hours of testimony, at his own expense. (ECF No. 213.)

For the foregoing reasons, both of Jacobs' motions are denied. An appropriate order will be filed contemporaneously with this opinion.


May 28, 2014                                          BY THE COURT:

                                                      /s/ *Joy Flowers Conti*
                                                      Joy Flowers Conti
                                                      Chief United States District Judge